ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEB 17 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| GLEN KIRK MASSIE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| COBB COUNTY, GEORGIA and OFFICER BRETT ALLEN GALLIMORE, in both his Individual and Official Capacities, | 1:16-CV-0499 |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff and files this Complaint against Defendants, respectfully showing this Honorable Court as follows:

### INTRODUCTION

1.

This is a 42 U.S.C. § 1983 action arising from the assault and battery of Plaintiff's person by a law enforcement officer in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges pendant state law claims for assault and battery, as well as violations of the Georgia Constitution.

1

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343 and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant or supplemental jurisdiction of this Honorable Court to decide claims arising under state law pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and other applicable law because the cause of action arose in Cobb County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the Defendants is domiciled within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

5.

Paragraphs 1 through 4 are hereby incorporated by reference as if fully stated herein.

6.

Plaintiff Glen Kirk Massie (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Georgia who has the capacity to bring this action.

7.

Defendant Officer Brett Allen Gallimore (hereinafter "Defendant Gallimore") is an individual who was, at all times relevant herein, a police officer employed by the Cobb County Police Department and Cobb County, Georgia, who acted within the course and scope of his employment and pursuant to the policies and procedures of the Cobb County Police Department as established by its Chief of Police and Cobb County, Georgia, who may be served by mail pursuant to F.R.C.P. 4(d), and who is subject to the jurisdiction of this Honorable Court.

8.

Defendant Cobb County, Georgia (hereinafter "Defendant Cobb County") is a duly organized and existing county government under the laws of the State of Georgia which has the capacity to sue and be sued, which may be served through the Chairman of its Board of Commissioners, Tim Lee, 100 Cherokee Street, Marietta, Georgia

30090, who may be served by mail pursuant to F.R.C.P. 4(d) and which is subject to the jurisdiction of this Honorable Court.

9.

Defendant Gallimore has been sued in both his individual and official capacities.

10.

Upon information and belief, Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise.

11.

At all times relevant herein, Defendant Gallimore acted under color of state law and on behalf of the Cobb County Police Department and Cobb County, Georgia.

## FACTUAL ALLEGATIONS

12.

Paragraphs 1 through 11 are hereby incorporated by reference as if fully stated herein.

13.

On February 24, 2014, Defendant Gallimore was employed as a police officer with the Cobb County Police Department.

14.

On that date, Defendant Gallimore arrested Plaintiff under suspicion of driving under the influence of alcohol, in violation of O.C.G.A. § 40-6-391, *et seq.*

15.

Defendant Gallimore was placing a handcuffed Plaintiff in a police patrol car when, without sufficient provocation, he forcefully threw Plaintiff to the ground. In the process, Defendant Gallimore landed directly on top of Plaintiff.

16.

Plaintiff, still handcuffed and with the force of Defendant Gallimore on top of him, landed directly on his face, suffering painful scraping and bruising, as well as general physical and mental suffering and humiliation.

17.

Defendant Gallimore and other officers then proceeded to curse at Plaintiff and taunt him, even while he lay handcuffed and injured on the ground, with Defendant Gallimore on top of him.

18.

Later, upon Plaintiff's arrival at the Cobb County Adult Detention Center, personnel with the Cobb County Sheriff's Office recommended medical screening and clearance at a hospital before they would process and book Plaintiff. Plaintiff was then taken to Wellstar Kennestone Hospital, while in the custody of the Cobb County Police Department. There, doctors formally diagnosed Plaintiff with a head injury.

19.

On February 24, 2014, Plaintiff did not attempt to assault or harm Defendant Gallimore prior to Defendant Gallimore throwing his handcuffed body to the ground to land on his face.

20.

On that date, Plaintiff posed no threat at all to Defendant Gallimore prior to being thrown to the ground.

21.

On that date, Defendant Gallimore threw a handcuffed Plaintiff to the ground to land on his face without sufficient provocation.

22.

Defendant Gallimore was unjustified and unauthorized in throwing a handcuffed Plaintiff to the ground on his face and landing on top of him. Defendant Gallimore used excessive force against Plaintiff on February 24, 2014.

23.

Defendant Gallimore intentionally made unlawful physical contact with Plaintiff on February 24, 2014. On that date, Defendant Gallimore intentionally put Plaintiff in reasonable apprehension of immediately receiving serious bodily injury.

24.

As a direct and proximate result of Defendant Gallimore's actions, Plaintiff sustained physical injuries to his head. As a direct and proximate result of Defendant Gallimore's actions, Plaintiff incurred medical expenses. As a direct and proximate result of Defendant Gallimore's actions, Plaintiff was humiliated.

25.

As a direct and proximate result of Defendant Gallimore's actions, Plaintiff also suffered significant emotional distress over having lost his faith in law enforcement officers, worried about being assaulted again and having been embarrassed.

## THEORIES OF RECOVERY

## COUNT ONE – EIGHTH AMENDMENT

26.

Paragraphs 1 through 25 are hereby incorporated by reference as if fully stated herein.

27.

The aforementioned misconduct of Defendant Gallimore in throwing Plaintiff to the ground while in his lawful custody and while being handcuffed behind his back constitutes cruel and unusual punishment is a violation of the Eighth Amendment of the United States Constitution.

## COUNT TWO – FOURTEENTH AMENDMENT

28.

Paragraphs 1 through 27 are hereby incorporated by reference as if fully stated herein.

29.

The aforementioned misconduct of Defendant Gallimore in abusing the criminal process, assaulting and battering a person in lawful custody and who was restrained constituted a deprivation of the Plaintiff's liberty without due process in violation of the Fourteenth Amendment of the United States Constitution.

## COUNT THREE – COUNTY LIABILITY UNDER 42 U.S.C. § 1983

30.

Paragraphs 1 through 29 are hereby incorporated by reference as if fully stated herein.

31.

At all times relevant herein, Defendant Gallimore acted pursuant to the customs, policies, and practices of Defendant Cobb County and, accordingly, the Defendant Cobb County is liable under 42 U.S.C. §1983 for any and all federal constitutional violations committed against Plaintiff by Defendant Gallimore.

32.

Said customs, policies, and practices of Defendant Cobb County and the deliberate indifference of the County and its policymakers in failing to develop and implement appropriate customs, policies, and practices were the moving force behind the constitutional violations complained of by Plaintiff.

33.

Moreover, the actions of Defendant Gallimore were ratified and endorsed by Defendant Cobb County and thus represent official County policy, with the result being that Defendant Cobb County is liable for the actions of Defendant Gallimore to the extent that his actions caused Plaintiff to be deprived of his federal constitutional rights.

34.

Alternatively, upon information and belief, Defendant Cobb County maintained a defective custom, policy or practice of permitting its police officers, including Defendant Gallimore, to violate written standards of conduct, including but not limited to rules purporting to forbid abuse of their office and abuse of arrest powers, with the result being that the actual custom, policy, or practice of the county was to encourage rather than prohibit such conduct—thereby causing officers such as Defendant Gallimore to violate the federal constitutional rights of citizens in accordance with such actual custom, policy or practice so as to impute liability to

Cobb County to the extent that the said actual custom, policy or practice of the Cobb County Police Department was the moving force behind said federal constitutional violations.

**COUNT FOUR – PENDANT CLAIMS UNDER GEORGIA CONSTITUION**

35.

Paragraphs 1 through 34 are hereby incorporated by reference as if fully stated herein.

36.

In addition to violating the federal constitutional right set forth in Count One, the aforementioned misconduct of Defendant Gallimore in assaulting and battering Plaintiff while in lawful custody constitutes cruel and unusual punishment inflicted and abusing a person while being arrested or while under arrest all in violation of Art. 1. §1, ¶17 of the Constitution of the State of Georgia.

37.

The aforementioned violations of the Georgia Constitution amount to breaches of public duty by Defendant Gallimore for which he is individually liable under Georgia law.

## COUNT FIVE – PENDANT STATE TORT CLAIMS

38.

Paragraphs 1 through 37 are hereby incorporated by reference as if fully stated herein.

39.

In addition to violating the federal and state constitutional rights set forth above, the aforementioned misconduct of Defendant Gallimore constitutes the torts of assault and battery under O.C.G.A. §§ 51-1-13 and 51-1-14 and other applicable law, for which Defendant Gallimore is individually liable, in that Officer Gallimore caused physical and violent injury to Plaintiff and illegally attempted to commit a physical injury upon his person without legal justification.

## **DAMAGES**

40.

Paragraphs 1 through 39 are hereby incorporated by reference as if fully stated herein.

41.

As a direct and proximate result of the above described conduct of the Defendants, Plaintiff received personal injuries, physical pain and suffering, severe mental pain and suffering including but not limited to embarrassment, public humiliation, and fear for his wellbeing which is all expected to continue into the

future, and was forced to incur special damages including, but not limited to, lost income and medical bills, all of which the Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of a fair and impartial jury.

42.

Defendants are liable for the aforementioned damages under 42 U.S.C. §§ 1983 and 1988, and Defendant Gallimore is not entitled to qualified immunity under federal law because the law was clearly established on February 24, 2014 that a police officer may not assault and batter a person in police custody, who was handcuffed behind his back and otherwise restrained.

43.

Defendant Gallimore is individually liable for the aforementioned damages with respect to the pendant state law claims, and he is not entitled to official immunity under Georgia law because he acted with specific intent to do wrong and to cause harm to Plaintiff.

44.

The aforementioned misconduct of Defendant Gallimore arose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against him to the extent permitted by federal and state law.

45.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation with respect to the federal civil rights claims pursuant to 28 U.S.C. §1988.

46.

Alternatively, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation with respect to the pendant state law claims pursuant to O.C.G.A. §13-6-11 because Defendants acted in bad faith.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against the Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That the Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d) That all costs of this action be taxed against the Defendants; and,

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

This __17th__ day of February, 2016.

Respectfully submitted,

_____
DAVID R. WILLINGHAM
Georgia Bar No. 548912
Attorney for Plaintiff

WILLINGHAM LAW FIRM, P.C.
236 Washington Avenue
Marietta, Georgia 30060
Telephone: (770) 422-5434
Fax: (770) 884-8059
Email: david@willinghamfirm.com

14